# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DE'ANDRE STARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV151 |
| | ) | |
| NORTH CAROLINA BAPTIST HOSPITAL, | ) ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO VACATE SETTLEMENT AGREEMENT, TO ENFORCE SETTLEMENT, AND TO ALLOW PLAINTIFF'S COUNSEL TO WITHDRAW

This matter is before the Court on Plaintiff's motion to vacate mediator's report. (Docket No. 20.) In addition, Plaintiff's counsel, Mr. Humphrey Cummings, has moved to withdraw as Plaintiff's counsel. (Docket No. 21.) Defendant has responded in opposition to Plaintiff's motion to vacate but does not object to Plaintiff's counsel's motion to withdraw. (Docket Nos. 22, 24.) For the reasons that follow, the Court should deny Plaintiff's motion to vacate mediator's report, should enforce the settlement agreement, and should allow Plaintiff's counsel to withdraw.

Plaintiff filed this action in state court seeking relief under Title VII of the Civil Rights Act of 1964 and under the Family Medical Leave Act. (Docket Nos. 6, 18.)

Defendant removed the action to federal court. (Docket No. 1.) A mediator appointed by the Court held a settlement conference on November 9, 2010, and reported that the parties reached agreement on all issues and that the case was settled. (Docket No. 16; Docket Entry dated 11/12/2010.) Plaintiff filed his motion to vacate mediator's report on November 17, 2010. (Docket No. 20.)

## FACTS, CLAIMS, AND PROCEDURAL BACKGROUND

Plaintiff asks the Court to vacate the mediator's report that the case is settled and to return the case to the Court's trial calendar. (Docket No. 20 at 4.) Plaintiff's motion lacks any supporting affidavits or discovery material. (Docket No. 20.) In his motion, Plaintiff concedes that following a settlement conference "the parties entered into an agreement . . . wherein the parties agreed to resolve the lawsuit." (*Id*. at 1.) He further admits that he "personally signed and initialed certain elements or points of settlement reached by the parties" as did Defendant's designated official. (*Id*.) Finally, Plaintiff states that the "parties agreed that counsel for the parties would put forth a more traditional settlement and release along with a stipulation of dismissal." (*Id*.)

The confidential settlement agreement signed by Plaintiff and Defendant's representative, along with counsel for both Plaintiff and Defendant who were also present at the settlement conference, is now part of the record. (Docket No. 28.) The Court will not describe the particulars of the agreement here due to its confidential nature. Plaintiff does not, however, allege that the agreement omits any essential terms of the settlement, and upon

the Court's review, the agreement is clearly a full and final settlement of all issues in this action. (*Id*.)

Plaintiff now wishes not to be bound by his agreement. He contends that the agreement was not a "voluntary, knowing and informed waiver and settlement of the lawsuit." (Docket No. 20 at 2.) He argues specifically that: (1) the mediator was not impartial because he stated that he had known both counsel for Plaintiff and Defendant for a number of years; (2) the mediator "improperly injected his views of the legal viability of the case in a manner that favored the defendant and disfavored the plaintiff"; (3) the mediator refused to declare an impasse and insisted that the Plaintiff remain at the settlement conference; (4) the mediator improperly injected his assessment of the value of the case at the start of the mediation; (5) the mediator gave legal advice "outside of his role"; (6) the mediator failed to advise Plaintiff that he could avoid having to pay for his portion of the mediation conference; and (7) the Plaintiff "inquired about 'being fed'" during the conference and "received no answer." (*Id*. at 2-3.)

Defendant opposes Plaintiff's motion and supports its response with affidavits from Defendant's counsel who was present at the settlement conference and from other attorneys. (Docket Nos. 22, 23.) Defendant's counsel states that she has had several mediations with Mr. Larry Ross, the mediator in Plaintiff's case. (Docket No. 23, Ex. A, Affidavit of Kristine M. Sims ("Sims Aff."), ¶ 3.) She further states that all of her interactions with Mr. Ross have been "during, through, and/or about the mediations in which he has played a role

as a mediator." (*Id.* ¶ 4.) The settlement conference in this action occurred at the law office of Defendant's counsel, the same place where Plaintiff's deposition was taken. (*Id.* ¶¶ 6, 8.) Food was delivered during Plaintiff's deposition. (*Id.* ¶ 7.) Ms. Sims states in her affidavit that during his "deposition," Plaintiff had access to water, coffee, and diet and regular soda. (*Id.* ¶ 9.) She apparently meant to say "mediation" instead of "deposition." (*See* Docket No. 22 at 2 (arguing that Plaintiff had access to such beverages during the mediation).) Mr. Ross brought a bag of food to the mediation containing fruit, chips, trail mix, nabs/crackers, and candy for the participants. (Sims Aff. ¶ 9.)

According to Ms. Sims, Plaintiff had access to a telephone throughout the conference as well as to his counsel. (*Id.* ¶ 10.) The active portion of the mediation lasted approximately four hours, and Plaintiff remained at the location of the mediation for approximately six hours. (*Id.* ¶ 12; Docket No. 20 at 3.) During the mediation, Defendant's representative had to leave for approximately thirty minutes, which gave Plaintiff time alone with his counsel to discuss the settlement agreement. (Sims Aff. ¶ 14.) Following the mediation, Ms. Sims prepared a "customary settlement agreement and release" and forwarded it to Plaintiff's counsel, but Plaintiff refused to sign this agreement. (*Id.* ¶¶ 18-19.) Defendant has paid for all of the mediator's fees. (*Id.* ¶ 23.) Defendant has complied with all the terms of the settlement agreement. (*Id.* ¶ 25.)

## DISCUSSION

This Court has the "inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing." *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981).) The only exceptions to this rule are when there is a material dispute as to the existence of an agreement or the authority of the attorney to enter the agreement on behalf of his client. *Id*. "Unless the resulting settlement is substantially unfair, judicial economy commands that a party be held to the terms of a voluntary agreement." *Id*. at 133.

There is no dispute in this action that the parties settled this action. Plaintiff admits that the "parties entered into an agreement."[1] (Docket No. 20 at 1.) The settlement agreement is part of the record. (Docket No. 28.) Plaintiff does not argue that the agreement is unfair in any manner, and the Court finds that it is fair to Plaintiff.

With regard to the voluntariness of Plaintiff's agreement, the Court has only Plaintiff's unsworn assertions to support his claim. Many of Plaintiff's complaints about the settlement process and agreement are shown to have no merit by the undisputed facts asserted by Ms. Sims in her affidavit. Plaintiff's "guess" that Mr. Ross knew Defendant's counsel outside of a professional relationship is refuted. Plaintiff's complaint about not "being fed"

---

[1] North Carolina law, which controls the question of whether a contract was made, holds that a contract is formed when minds meet as to all the terms of the agreement. *Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001). The record in this case shows that the parties' minds met as to all material terms of the settlement agreement.

has no consequence given that he had access to food and drink during the mediation and reasonably should have known that food could be delivered to that location (given his previous deposition at the same location) if he so desired.

The other complaints raised by Plaintiff, such as the mediator giving his views of the case or stating the applicable law, have no effect on the voluntariness of Plaintiff's agreement. Defendant paid all of the mediation costs. Therefore, Plaintiff's complaint regarding mediation fees has no merit. The length of the mediation conference was not excessive. In sum, there is no evidence that Plaintiff's will was overborne. On the contrary, it appears that Plaintiff has simply changed his mind about whether he could obtain a more favorable settlement. This is not a basis for setting aside the agreement. *Petty*, 849 F.2d at 133.

Because Plaintiff entered into a voluntary and knowing agreement in a fair settlement of this case, his motion to vacate the mediator's report should be denied. The settlement should be enforced. The motion of Plaintiff's counsel to withdraw is unopposed.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to vacate mediator's report (Docket No. 20) be denied; that the settlement be enforced; and that this action be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that the motion to withdraw filed by Plaintiff's counsel (Docket No. 21) be granted.


/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 27, 2011